UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER HARRELL )<br>)<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>FMA ALLIANCE, LTD. )<br>)<br>Defendant )<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jennifer Harrell, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jennifer Harrell, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

### III.  PARTIES

4.      Plaintiff, Jennifer Harrell, is an adult natural person residing at in Valdosta Georgia. At all times material and relevant hereto, Plaintiffs is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, FMA Alliance, Ltd. ("Defendant"), at all times relevant hereto, is and was a company engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with its principal place of business located at 11811 North Freeway, Suite 900, Houston, TX 77060 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      During the early part of August, 2010, Plaintiff started to receive calls from the Defendant collecting on a debt allegedly owed on a USAA account to her personal cell phone.

8.      Defendant was attempting to collect approximately $1,971.00 from Plaintiff.

9.      At that time, Plaintiff informed the Defendant that she had retained the services of the law firm of Persels & Associates, LLC to help aid her in her debt settlement negotiations and asked Defendant to contact their firm directly on this matter.

10. Defendant refused to work with Persels.

11. On or about August 25, 2010, Plaintiff's brother received a call to his place of business from Defendant looking for the whereabouts of his sister and informing him that they were calling in regards to a debt.

12. On or about that same day, Plaintiff's parents also received a call to their home from Defendant looking for the whereabouts of their daughter.

13. Plaintiff's parents state that when they asked what kind of company the Defendant was that Defendant hung-up on them.

14. On or about that same day, August 25, 2010, Persels sent a "cease and desist" letter to the Defendant stating that they were representing the Plaintiff and that any direct contact should go through their office. **See Exhibit "A" (letter) attached hereto**.

15. Plaintiff continued to receive collection calls from the Defendant.

16. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

17. During a call to the Plaintiff, Defendant's agent, "Mr. Robert", told her that any settlement would have to be done through her and the agency, since they would never work with Persels.

18. Defendant's agent, "Mr. Robert", insisted that the Plaintiff pay at least $307.00 a month toward this account.

19. Plaintiff stated that she could not pay at this time, because she was out of work and could barely afford food for herself or gas for her car.

20. Before ending the call, Defendant's agent, "Mr. Robert", told the Plaintiff that none of that mattered and that she still needed to come up with the money to pay this debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24.     The above paragraphs are hereby incorporated herein by reference.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer, consumers attorney, or credit bureau concerning the debt |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

   **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, FMA Alliance, Ltd., for the following:

   a.   Actual damages;

   b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: September 29, 2010**

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff